UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Karly Werner and Todd S. Werner,

       Plaintiffs,

     v.

Eich Motor Company, Inc., Burnsville Volkswagen,
Inc., Volkswagen Group of America, Inc., and
Volkswagen AG.,

       Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 16-396 ADM/LIB

_____

Todd S. Werner, Esq., Carlson Caspers Vandenburgh Lindquist & Schuman PA, Minneapolis, MN, on behalf of Plaintiffs.

Mary E. Bolkcom, Esq., Hanson Bolkcom Law Group, Ltd., Minneapolis, MN, on behalf of Defendants.

_____

## I.  INTRODUCTION

On April 21, 2016, the undersigned United States District Judge heard oral argument on Plaintiffs Karly Werner and Todd S. Werner's (the "Werners") Motion to Remand to State Court [Docket No. 22].  Defendants Eich Motor Company, Inc., Burnsville Volkswagen, Inc., Volkswagen Group of America, Inc., and Volkswagen AG (collectively, "Defendants") oppose the motion.  For the reasons set forth below, the Werners' motion is denied.

## II.  BACKGROUND

This is one of hundreds of lawsuits filed across the country against Volkswagen Group of America, Inc. and Volkswagen AG (collectively, "Volkswagen") asserting claims arising from Volkswagen's use of a "defeat device" installed in certain models of diesel vehicles.[1]  The

_____

[1] As of May 17, 2016, over 25 lawsuits have been filed in the District of Minnesota against Volkswagen relating to the defeat device.

alleged defeat device consists of software that allows a vehicle to produce low emissions during

official emissions testing, but not during normal operation.  Compl. [Docket No. 1-1] ¶ 8.  In

effect, the defeat device allowed the vehicles to pass federal and state emissions regulations

while actually emitting up to 40 times as much pollution into the environment as those

regulations permitted.  Id. ¶ 9.

## A.  The Werners' Case

The Werners' Complaint [Docket No. 1-1] filed in Hennepin County District Court seeks

remedies for violations of Minnesota warranty and fraud laws, and the federal Magnuson-Moss

Warranty Act.  Compl. ¶¶ 83–122.  On February 17, 2016, Defendants removed this case to

federal court pursuant to 28 U.S.C. § 1441 on the asserted basis of federal question jurisdiction.

See Notice of Removal [Docket No. 1].

On February 24, 2016, Defendants moved to stay this matter pending transfer to the

Multi-District Litigation ("MDL") litigation currently pending in the United States District Court

for the Northern District of California, In re: Volkswagen "Clean Diesel Marketing," Sales

Practices, and Products Liability Litigation, No. 15-md-2672 (N.D. Cal. 2015) ("Volkswagen

MDL").[2]  Mot. Stay [Docket No. 7].  Defendants' request was prompted by the Conditional

Transfer Order ("CTO") Defendants received from the United States Judicial Panel on

Multidistrict Litigation, which conditionally transferred this action to the MDL pending in

California.  Greene Aff. [Docket No. 14] Ex. 1.[3]

---

[2] As of May 13, 2016, 890 individual cases have been merged in the Volkswagen MDL.

[3] On March 1, 2016, the CTO was docketed in the Volkswagen MDL.  See Volkswagen
MDL Docket No. 1284.  While the Werners' case was initially transferred to the MDL, a
subsequent docket entry on March 1, 2016 noted that the Werners had timely filed their

Before Magistrate Judge Brisbois heard argument on Defendants' motion to stay, the

Werners filed the present motion to remand.  At the hearing on the motion to stay, Defendants

informed Judge Brisbois that they were seeking to stay the present proceedings only until the

issue of whether the case should be remanded has been ruled upon by this Court.  See Order

[Docket No. 30].  With that understanding, Judge Brisbois granted the motion to stay except for

the Werners' motion to remand and other events not germane to the current issue.  Id. at 3.  The

stay remains in effect until this motion to remand is decided "or the case is accepted for transfer

to a designated MDL court, whichever occurs earlier."  Id. at 3.

## B.  Other Volkswagen Fraud Cases

Many of the Volkswagen defeat device cases currently pending in the United States

District Court for the District of Minnesota were removed from Minnesota state court and have

pending motions to remand based on similar arguments to those made in this case.  See, e.g.,

Davis v. Volkswagen Grp. of Am., Inc. et al., No. 16-748; Determan v. Volkswagen Grp. of

Am., Inc. et al., No. 16-749; Hise v. Volkswagen Grp. of Am., Inc., No. 16-752.  Several tag-

along cases currently in the MDL also have moved to remand.  See, e.g., Volkswagen MDL

Docket Nos. 1281, 1370-1, 1422.

On January 22, 2016, Judge Charles R. Breyer, the judge presiding over the MDL, stayed

all pending motions to remand in the MDL to allow a coordinated briefing response between

lead plaintiffs' counsel and defendants' liaison counsel.  Id. Docket No. 1087.  On April 4, 2016,

Judge Breyer issued Pretrial Order No. 17 aimed at addressing all the motions to remand in a

---

opposition to the CTO.  Id. Docket No. 1285.  Thus, the stay of the CTO was reinstated to
provide the Werners the opportunity to oppose transfer to the MDL.  Id.

coordinated manner.  Id. Docket No. 1390.

## III.  DISCUSSION

The Werners contend that Defendants' removal was improper and that this court lacks

subject matter jurisdiction.  They argue that because this case presents fraud and warranty claims

that both arise under state law and do not necessarily require resolution of substantial federal

questions, this court lacks jurisdiction under 28 U.S.C. §§ 1331.  Although Defendants respond

to the merits of the Werners' jurisdictional arguments, Defendants first argue that resolution of

the Werners' motion should be deferred to the MDL court.  The Werners vigorously oppose this

suggestion, arguing that ascertaining subject matter jurisdiction—the merits of the Werners'

motion—must occur prior to considering Defendants' proposal to defer the remand question to

the MDL judge.

Other judges in this district have been presented with this very situation.  Recently, in

four Volkswagen defect cases similar to this one, Judge Nelson granted Volkswagen's motion to

stay and denied the plaintiff's motion to remand.  See Arguello v. Volkswagen Grp. of Am., Inc.,

No. 16-211, at Docket No. 22 (D. Minn. April 20, 2016); Willett v. Volkswagen Grp. of Am.,

Inc., No. 16-727, at Docket No. 28 (D. Minn. April 20, 2016); Gunderson v. Volkswagen Grp. of

Am., Inc., No. 16-213, at Docket No. 24 (D. Minn. April 20, 2016); Weekes v. Volkswagen Grp.

of Am., Inc., No. 16-760, at Docket No. 24 (D. Minn. May 11, 2106).  In making her rulings,

Judge Nelson noted the "enormous judicial efficiency served by permitting the MDL to have all

of these remand motions before it, many remand motions with [ ] precisely [the] same issues you

raise about federal jurisdiction, and have a thoughtful and consistent ruling on those."  Arguello,

No. 16-211, at Docket No. 25 at 20.  In a similar Volkswagen defeat device case, Judge Ericksen

also denied a motion to remand and granted a motion to stay pending transfer to the MDL.  See

Buffington v. Volkswagen Grp. of Am., Inc., No. 16-666, at Docket No. 25 (D. Minn. May 10,

2016).

There is little distinguishing those cases from this one:  each was commenced in state

court and subsequently removed, each was conditionally transferred to the MDL, and each had

motions to remand and stay.  Importantly, the jurisdictional question the Werners raise

here—that subject matter jurisdiction must first be confirmed before staying this case—was also

raised before Judge Nelson and rejected.  Arguello, No. 16-211, at Docket No. 25 at 11.  Other

courts have ruled likewise, holding that when motions to remand and stay are both pending, the

jurisdictional issues raised in the motion to remand do not absolutely divest the court with

authority to consider the motion to stay.  See, e.g., Meyers v. Bayer AG, 143 F. Supp. 2d 1044,

1046–47 (E.D. Wis. 2001) ("To say that I am powerless to take any action at all before verifying

my jurisdiction, however, slightly overstates the matter. . . .   However, granting a stay is not

adjudicating the merits of a case."); Royal Park Inves. SA/NV v. Bank of Am. Corp., 941 F.

Supp. 2d 367, 370 (S.D.N.Y. 2013) (granting motion to stay over pending motion to vacate CTO

and remand); Aikins v. Microsoft Corp., No. 2000-242, at *1–2 (E.D. La. March 24, 2000).[4]

The Werners nevertheless maintain that their case is different from Arguello and the

others because unlike in those cases where the motions to remand and stay were heard

concurrently, the parties here have already briefed, argued, and received an order on Defendants'

---

[4] As to the merits of the Werners' motion, at least one court has concluded that "it cannot
be said federal jurisdiction is clearly absent as Defendant is able to make a reasonable argument
for jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331."  Lafoy v.
Volkswagen Grp. of Am., Inc., No. 16-466, at *4–5 (E.D. Mo. May 11, 2016).

motion to stay, and Defendants have already agreed that this Court should resolve the issue of remand.  Relatedly, the Werners also argue that Defendants previously requested, and subsequently abandoned, an attempt to stay the motion to remand pending transfer to the MDL. Thus, the Werners claim that Defendants, by again arguing for the MDL judge to decide the motion to remand, are resurrecting relief they previously agreed not to seek.

That the motion to stay in this case was argued earlier than in Arguello and the others is immaterial.  While in this case the two different motions were heard on two different occasions by two different judges, that alone does not warrant departing from the efficiency rationale of Judge Nelson and Judge Ericksen.  The distinctions the Werners identify are distinctions without a difference.

The Werners' second argument to avoid deferral to the MDL judge is also unpersuasive. The record does not reflect that Defendants told Judge Brisbois that they were no longer seeking to have the Werners' motion to remand decided by the MDL judge.  Rather, Judge Brisbois' Order states that Defendants were not trying to stay the remand issue, which, in effect, preserved adjudication of the motion to remand for this Court.  Interpreting Judge Brisbois' Order as proof that Defendants retreated from their argument to defer the motion to remand to the MDL judge is an unfair reading.

Deferring the merits of the Werners' motion to remand to Judge Breyer and the MDL is appropriate and the Werners have not provided any compelling reason to conclude otherwise. Concerns of delay and inefficiency are largely alleviated by the affirmative steps that have been taken in the MDL to resolve the substantial number of pending remand motions that raise the

identical jurisdictional question the Werners raise.[5]  Collective action on this issue is a far more

efficient use of resources and "deference to the MDL court for resolution of a motion to remand

provides the opportunity for the uniformity, consistency, and predictability in litigation that

underlies the MDL system."  Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049,

1053 (N.D. Cal. 2004).[6]

      This order does not prevent the Werners from raising their jurisdiction arguments in the

MDL litigation.  In re C.R. Bard, Inc., No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. April 7,

2015).  Once the CTO becomes final, the Werners may continue to press this issue by filing the

appropriate motion in the MDL case.

### IV.  CONCLUSION

      Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that Plaintiffs Karly Werner and Todd S. Werner's Motion to Remand

[Docket No. 22] is **DENIED without prejudice**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 25, 2016.

---

[5] The Werners argue that deferring this issue to the MDL will result in substantial prejudice, citing their inability to present the unique facts of their case in a MDL setting as one source of that prejudice.  As previously observed, the jurisdictional arguments raised by the Werners have been made in United States District Courts across the country as well as in the MDL.  Because the Werners' jurisdictional arguments do not turn on unique Minnesota law or facts specific the Werners' case, the Werners' fears of substantial prejudice are unfounded.

[6] As noted by Judge Ericksen, "the MDL is moving quickly and includes a process for remand motions."  Buffington, No. 16-666, at Docket No. 25.